IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| ERIC LEE BROWN, AIS #216794, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CIVIL ACTION NO. 2:10cv801-WHA |
| | ) | |
| LOUIS BOYD, et al., | ) | (WO) |
| | ) | |
| Defendants. | ) | |

**ORDER**

This case is before the court on the Recommendation of the Magistrate Judge (Doc. #4), and the Objection filed by the Plaintiff (Doc. #5).

Upon an independent and *de novo* review of the file in this case, the court finds the Plaintiff's objections to be without merit.

On October 21, 2010, a Recommendation was entered that this case be summarily dismissed because the plaintiff failed to present any claims which entitled him to relief from this court. In addressing the conclusory allegation of an equal protection violation with respect to the plaintiff's continued classification as a restricted offender, i.e., that the defendants have removed other inmates with similar convictions and prison records from restricted offender status while Brown's requests for such treatment have been denied, *Plaintiff's Complaint - Court Doc. No. 1* at 3, the Magistrate Judge determined that Brown failed to meet his pleading burden, as he does not allege that the defendants subjected him to adverse treatment based on some constitutionally impermissible reason as is required to set forth a claim cognizable under the Equal Protection Clause - *Damiano v. Florida Parole and Prob. Comm'n*, 785 F.2d 929, 932-33 (11th Cir. 1986);

*Sweet v. Secretary, Department of Corrections*, 467 F.3d 1311, 1318-1319 (11th Cir. 2006). Rather, he simply makes the conclusory assertion that differential treatment resulted in an equal protection violation. To the extent Brown relies on the fact that some inmates other than himself have been removed from restricted offender status as the basis for this claim, the law is well settled that the mere differential treatment of inmates fails to constitute a violation of the Equal Protection Clause. *E & T Realty Co. v. Strickland*, 830 F.2d 1107 (11th Cir. 1987), *cert. denied*, 485 U.S. 961 (1988).

In this objection, the plaintiff again merely argues he has "read another inmate document showing these defendant's Recommendation the 'R' be remove [so] this inmate received more favorable treatment." *Objection* at 1. However, as previously noted, the mere differential of inmates does not entitle the plaintiff to relief. Specifically, in this case, the plaintiff does not allege the differential treatment was based on a constitutionally protected interest. Moreover, there is nothing before the court which indicates the inmates alleged to have received more favorable treatment are, other than being inmates, similarly situated with the plaintiff. Thus, the objection is overruled without prejudice, the Recommendation of the Magistrate Judge is adopted, and it is hereby

ORDERED that this case is DISMISSED prior to service of process pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).

Final Judgment will be entered accordingly.

DONE this 9th day November, 2010.

/s/ W. Harold Albritton
W. HAROLD ALBRITTON
SENIOR UNITED STATES DISTRICT JUDGE